UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE FOR THE HOMELESS LAKESIDE, INC., et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.: 3:24-cv-1009-L-MSB<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>[ECF Nos. 15, 16, 17, 18] |

Plaintiffs Hope for the Homeless Lakeside, Inc. ("HFTH") and Brian Albone; Michael Bishop; Daniel Cappasola; James Dattolico; Charity Davis; Jennifer Gaska; Christy Gillette; Steven Leggott; Todd Lent; Amanda Luther; Harold Luther; John "Augie" Martinez; Jill Mccoy; Brittany Stebbins; Austin Whaley; and David Williams (collectively, "Plaintiffs") bring the above-captioned putative class action lawsuit for injunctive, declaratory, and monetary relief against state and local government entities and officials for conduct related to homeless encampment removals. The putative class action includes a "Disabled Subclass" for disability-related causes of action.

1

The second amended complaint (ECF No. 13, "Compl.") is brought against the County of San Diego, the City of San Diego, the City of Santee, the City of Lakeside[1], Tony Tavares, the Director of the California Department of Transportation ("Caltrans"), and Amy Fox, the Caltrans District 11 Director (Tony Tavares and Amy Fox, collectively, the "Caltrans Defendants"). The County and City of San Diego, the City of Santee, and the Caltrans Defendants have filed motions to dismiss the complaint. (ECF Nos. 15-18.) For the following reasons, their motions are granted with leave to amend.

A Federal Rule of Civil Procedure 12(b)(6)[2] motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[3] A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

---

[1] The City of Lakeside has not filed an answer or otherwise responded to the complaint.
[2] All future citations to "Rule" or "Rules" refers to the Federal Rules of Civil Procedure.
[3] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted.

2

1  The second amended complaint fails to meet this standard because it impermissibly
2  treats Defendants as a group without stating which Defendant is responsible for what
3  harm.  It also treats Plaintiffs as a group without stating which Plaintiff was the victim of
4  which incident.  In doing so, the Court is unable to determine if Plaintiffs have stated a
5  claim for any cause of action.

6  Specifically, in the "Parties" and "Facts" sections of the complaint, Plaintiffs allege
7  numerous different "sweeps" where Defendants arrive, often without notice, and destroy
8  or confiscate Plaintiffs' belongings.  However, for most of the "sweeps," Plaintiffs fail to
9  allege which Defendant is responsible.

10  For example, Plaintiff Brian Albone alleges that he "has been the subject of
11  repeated sweeps by Defendants at the San Diego River Bottom in Santee, is relentlessly
12  threatened by them with arrest and citation for illegal lodging and trespassing and is
13  constantly ordered to 'Move along!'" (Compl. ¶ 17.)  Mr. Albone also alleges that
14  "Defendants, with no prior notice, took from him all his clothing, bicycle, tools, tree
15  trimming gear, and all his family photographs including the only remaining pictures he
16  had of his parents.  Defendants never gave Mr. Albone any opportunity to take, or keep,
17  or recover his belongings that they took, despite his requests." (*Id*.)  Without attributing
18  the conduct to a particular Defendant, the Court is unable to conclude that the factual
19  basis is sufficient as to any Defendant.  Additionally, while the complaint clearly states
20  Plaintiffs are naming Caltrans Defendant Tavares "for violations of Federal law," he is
21  named in all seventeen counts, including those under state law.  (Compl. ¶ 83.)

22  In the rare instances where Plaintiffs identify Defendant(s) involved in an incident,
23  the allegations are insufficient on their own to state a claim.  For example, the only claim
24  that specifically mentions the City of San Diego (*id*. ¶ 111-113) also alleges that the City
25  of San Diego provided a "24-Hour Notice of Cleanup and Removal," before
26  "sweep[ing]" the encampment. (*Id*.)  While Plaintiffs allege that the City of San Diego
27  officers "saved nothing for later retrieval" and "made no effort to determine what was, or

28

was not, actual 'trash,'" the claim is undermined by the admission that "[c]ommunity advocates were able to limit Defendants' activities that day to trash cleanup only." (*Id*. ¶¶ 112, 114.) Although Plaintiffs identified the Defendant relevant to the claim, the allegations are insufficient for the cause of action alleged.

Much like the "Parties" and "Facts" sections, the "Claims for Relief" section of the complaint suffers the infirmity of failing to specify which Defendant is responsible for what action. Of the seventeen causes of action, fifteen are brought against every Defendant and the remaining two are brought against every Defendant except for the City of San Diego. Furthermore, each cause of action is either brought on behalf of every Plaintiff, or for the disability-related claims, on behalf of the Disabled Subclass. To survive a motion to dismiss, Plaintiffs need to allege the factual basis for each Plaintiff's claim against each Defendant.

For example, in the first cause of action for unreasonable search and seizure in violation of the Fourth Amendment, Plaintiffs allege that "Defendants' above-described customs, policies, practices, and conduct of confiscating and destroying Plaintiffs' personal property without warrant, probable cause, exigent circumstances, or adequate notice violate Plaintiffs' right to be free from unreasonable searches and seizures." (*Id*. ¶ 151.) The ambiguity created by Plaintiffs' failure to differentiate among Defendants amplifies the lack of differentiation among the customs, policies, and practices. Each subsequent cause of action suffers from similar defects. While Plaintiffs can plead that various Defendants had similar customs, policies, and practices and claim that multiple Defendants are liable for the same causes of action, Plaintiffs must state a factual basis for each cause of action against each Defendant. Because they have not done so, the complaint is dismissed in its entirety.

The Court now turns to the issue of whether to grant leave to amend. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the

1 challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  Because it may be possible for Plaintiffs to cure the pleading deficiencies noted above, leave to amend is GRANTED.  If Plaintiffs choose to file an amended complaint, they are encouraged to closely evaluate each motion to dismiss to determine if any additional amendment is warranted in anticipation that Defendants may reassert similar arguments in the future.[4]

The motions to dismiss (ECF Nos. 15-18) are GRANTED and the second amended complaint is dismissed.  If Plaintiffs choose to file an amended complaint, they must do so no later than June 30, 2025.

**IT IS SO ORDERED.**

Dated:  May 27, 2025

_____
Hon. M. James Lorenz
United States District Judge

---

[4] This statement should not be taken as an opinion on any issue not discussed in this order.

5